FILED

2006 Jun-20  PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK KING, D.M.D., on behalf of himself and others similarly situated,** | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action Number |
| | ) | **2:06-cv-0270-UWC** |
| vs. | ) ) | |
| **GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; ASSURANT INSURANCE; UNION SECURITY LIFE INSURANCE COMPANY OF NEW YORK;  UNITED HEALTHCARE INSURANCE COMPANY;  DELTA DENTAL INSURANCE COMPANY;  METLIFE GROUP, INC.;  and UNITED CONCORDIA INSURANCE COMPANIES, INC.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON DEFENDANTS METLIFE,
UNION SECURITY, AND CONCORDIA'S MOTIONS TO DISMISS**

Defendants Metropolitan Life Insurance Company ("MetLife"), Union Security

Life Insurance Company of New York ("Union Security"), and United Concordia

Companies, Inc. ("Concordia") have moved to sever Plaintiff's claims against them.

(Docs. 45, 46.)  For the reasons which follow, the motions to sever will be effectively

granted.

In this putative class action against six defendant insurance companies, Plaintiff alleges that the Defendants paid him less for his services because he is not a contract dentist with them, and that the Defendants encouraged their enrollees-insureds not to utilize dentists who have not contracted with them.  Plaintiff's claims are premised on the separate arrangements between each Defendant and its enrollees-insureds concerning payments for dental services, and the alleged provision of Alabama law prohibiting insurance companies from paying lower amounts to non-contracting dentists and otherwise subjecting them to differential treatment. There is no allegation of conspiracy or concerted action between the Defendants; and there is no allegation of joint and several liability of the Defendants.

MetLife, Union Security, and Concordia contend that Plaintiff's claims against them are improperly joined.

Under Federal Rule of Civil Procedure ("Rule") 20(a), all persons may be joined in one action as defendants if: 1) a cause of action arising out of the same transaction or occurrence is asserted against them, and 2) one or more common questions of law or fact will arise in the lawsuit.  Rule 20(a).  The complaint must state a claim for relief asserting "joint, several, or alternative liability" arising form the same transactions or occurrences.

While Plaintiff easily meets the second prong of the joinder test,[1] he falls flat on the first.  This is so because the "transaction or occurrences" alleged in the complaint involve different defendants, with different dental benefits, and with different contracts with their enrollee-insureds.  Moreover, the singular fact that several defendants have allegedly violated a statute does not satisfy the "same transaction or occurrence" requirement.  *Ex parte ALFA Life Ins.Co.*, 923 So.2d 272 (Ala. 2005); *Nassau County Ass'n of Ins. Agents v. Aetna Life & Casualty Co.*, 497 F.2d 1151, 1154 (2nd Cir. 1974);  *Michaels Building Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

Thus, MetLife, Union Security, and Concordia have been improperly joined in this action.  Since they have been improperly joined, the appropriate procedure is to dismiss the claims against them, rather than severing such claims under the umbrella of this action.

By separate order, their Motions to Sever will be treated as Motions to Dismiss without prejudice, and granted.

Done this 20th day of June, 2006.

U.W. Clemon
Chief United States District Judge

---

[1] For example, one of the common issues is whether Plaintiff's claims are preempted by ERISA.